**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL OPATHY CALHOUN, | : | |
|    *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1156 |
| | : | |
| ROSS, INC., | : | |
|    *Defendant.* | : | |

**<u>MEMORANDUM</u>**

**Pappert, J.**                                                                                                   **April 15, 2024**

*Pro se* plaintiff Michael Opathy Calhoun filed this lawsuit alleging that he was discriminated and retaliated against by his employer, Ross, Inc., on account of his race, color, religion, gender/sex, disability, and age. (ECF No. 2.) He also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion to Appoint Counsel (ECF No. 3). For the following reasons, the Court will grant Calhoun leave to proceed *in forma pauperis*, dismiss the Complaint without prejudice to Calhoun filing an amended complaint, and deny his Motion to Appoint Counsel without prejudice.

I

Calhoun used the Court's form Complaint to plead his employment discrimination claims against Ross, Inc. By checking the appropriate locations on the form, Calhoun indicates that he is bringing claims pursuant to: (1) Title VII of the Civil Rights Act, which prohibits employment discrimination based on race, color, gender/sex, religion, and national origin; (2) the Age Discrimination in Employment Act, which prohibits employment discrimination based on age; and (3) the Americans

with Disabilities Act, which prohibits employment discrimination based on an employee's disability or perceived disability. (*See* Compl. (ECF No. 2) at 4.)[1]

Calhoun also marked the form to indicate that Ross terminated his employment, failed to stop harassment, retaliated against him, and subjected him to unequal terms and conditions of his employment. (*Id*. at 5-6.) Calhoun alleges the discriminatory acts against him began on November 21, 2022, and continued until his departure from Ross. (*Id*. at 6.) Calhoun asserts that he has been discriminated against based on his race ("Afro American"), color ("black/brown"), religion ("Christian"), gender/sex (male), and natural origin ("Black American/Native American"). (*Id*.) He also avers that he has been subjected to discrimination because of his age and included his birthdate, which indicates that he was forty years old on the date the discriminatory acts began. (*Id*.)

The written allegations on the form Complaint are sparse. Calhoun claims he was "Smacked in the face By a female (Estiphany) . . . [and] Drop kicked By Aliyah AKA Lee." (*Id*.) He alleges that "a shopping cart was pushed into [his] (Right knee)" and he "was called A token NiggA by Stephan." (*Id*.) Calhoun filed a charge of discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue Letter on January 30, 2024. (*Id*. at 7.) He also filed a charge with the Pennsylvania Human Relations Commission on March 8, 2024. (*Id*.) Calhoun seeks injunctive relief, lost wages, and monetary damages. (*Id*. at 8.)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

II

The Court grants Calhoun leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations

3

omitted). Because Calhoun is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

"Title VII, the ADEA, and the ADA proscribe discrimination in employment based on several personal characteristics" specifically, race, color, religion, sex, national origin, age,[2] and disability. *E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112); *see also Fowler v. AT&T, Inc.*, 19 F.4th 292, 298 (3d Cir. 2021) (claims under the ADEA align with claims under Title VII).

In general, to plead a plausible claim for employment discrimination, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). A plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (explaining that to survive a motion to dismiss a

---

[2] The ADEA prohibits discrimination against individuals who are over forty years of age. *See* 29 U.S.C. § 631(a).

plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead facts that plausibly connect his national origin to his discharge").

To state a plausible claim for employment discrimination under the ADA, a plaintiff must allege that he is a "qualified individual with a disability" within the meaning of the ADA, and that he suffered an adverse employment decision as a result of the discrimination. *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001). To establish a *prima facie* case of discrimination under the ADA, "an employee must show that [he]: (1) is disabled; (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by [his] employer; and (3) has suffered an adverse employment action as a result of [his] disability, including [his] employer's refusal to make reasonable accommodation for [his] disability." *Keyhani v. Trs. of Univ. of Pa.*, 812 F. App'x 88, 91 (3d Cir. 2020) (*per curiam*) (quoting *Hohider v. United Parcel Serv. Inc.*, 574 F.3d 169, 186 (3d Cir. 2009)).

To state a plausible age discrimination claim under the ADEA, a plaintiff must allege that "(1) [he] is at least forty years old; (2) [he] suffered an adverse employment decision; (3) [he] was qualified for the position in question; and (4) [he] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). Although a plaintiff need not allege a *prima facie* case to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the

5

necessary element." *Fowler*, 578 F.3d at 213; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *See* 42 U.S.C. § 2000e-3; *E.E.O.C.*, 778 F.3d at 449. A plaintiff states a retaliation claim if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) [he] engaged in conduct protected by [the statute]; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789; *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

Even under a liberal reading, Calhoun's Complaint fails to allege a plausible claim for employment discrimination in connection with his treatment at work or his termination. Although Calhoun indicates that he is bringing claims under Title VII, the ADEA, and the ADA, he has not explained how his treatment at work or termination were based on his membership in one or more of the protected classes. Further, Calhoun has not alleged any facts to suggest that he suffered from a disability or was regarded as having one within the meaning of the ADA.[3] Nor does he allege that his employer failed to reasonably accommodate a disability, or that he was replaced by a sufficiently younger employee. In other words, Calhoun has not alleged

---

[3] The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

6

facts to raise a plausible inference that his treatment at work and/or his termination were motivated by his race, color, religion, gender/sex, national origin, age, or disability (or perceived disability).  In the absence of such allegations, he cannot state a claim for employment discrimination in violation of Title VII, the ADEA, or the ADA.  *See Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to").

For similar reasons, Calhoun has failed to state a plausible claim that he was retaliated against in violation of federal employment law.  He alleges that he was terminated and that he contacted the EEOC and the PHRA.  However, Calhoun has not provided any context for these allegations from which it could be inferred that his termination was motivated by retaliation.  He does not allege the date upon which he was terminated or provide any additional facts from which a causal connection could be inferred between his filing of an EEOC or PHRA charge and his termination.  In the absence of more detailed facts, his allegations do not state a retaliation claim.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

IV

The Court will grant Calhoun leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. His claims against Ross, Inc. will be dismissed without prejudice to Calhoun filing an amended complaint that provides more information about the factual bases for his claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Calhoun's Motion to Appoint Counsel is denied without prejudice to renewal after the Court conducts a statutory screening of any amended complaint Calhoun may file. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An Order follows, which provides further guidance regarding amendment.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**