# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL OPATHY CALHOUN,: | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1156 |
| | : | |
| ROSS, INC., | : | |
| *Defendant.* | : | |

## MEMORANDUM

**Pappert, J.**                                                                                                    **July 15, 2024**

*Pro se* Plaintiff Michael Opathy Calhoun alleges he was discriminated and retaliated against by his employer, Ross, Inc., on account of his race, color, gender/sex, disability, and age. For the following reasons, the Court dismisses with prejudice Calhoun's Amended Complaint.

## I[1]

Calhoun used the Court's form Complaint to initiate this lawsuit. He asserted against Ross claims pursuant to: (1) Title VII of the Civil Rights Act, which prohibits employment discrimination based on race, color, gender/sex, religion, and national origin; (2) the Age Discrimination in Employment Act ("ADEA"), which prohibits employment discrimination based on age; and (3) the Americans with Disabilities Act ("ADA"), which prohibits employment discrimination based on an employee's actual or perceived disability. (*See* Compl. (ECF No. 2) at 4.) Calhoun averred that Ross terminated his employment, failed to stop harassment, retaliated against him, and

---

[1] The Court adopts the pagination assigned to Calhoun's filings by the CM/ECF docketing system.

subjected him to unequal employment terms and conditions. (*Id.* at 5-6.) He alleged that he was discriminated against based on his race ("Afro American"), color ("black/brown"), religion ("Christian"), gender/sex (male), and natural origin ("Black American/Native American"). (*Id.* at 6.) He also asserted that he was subjected to discrimination because of his age and included his birthdate, stating that he was forty years old when the alleged discriminatory acts began. (*Id.*) Calhoun's factual allegations were sparse. He said he was "Smacked in the face By a female (Estiphany) . . . [and] Drop kicked By Aliyah AKA Lee." (*Id.*) He also alleged that "a shopping cart was pushed into [his] (Right knee)" and he "was called A token NiggA by Stephan." (*Id.*)

After granting Calhoun leave to proceed *in forma pauperis*, the Court dismissed the Complaint for failure to state a claim upon statutory screening. *Calhoun v. Ross, Inc.*, No. 24-1156, 2024 WL 1640986, at *1 (E.D. Pa. Apr. 15, 2024). The Court determined Calhoun's allegations failed to allege a plausible claim for employment discrimination under Title VII because he did not explain how his treatment at work or his termination were based on his membership in one or more of the protected classes. *Id.* at *3. The Court also found Calhoun did not allege any facts to suggest that he suffered from a disability or was regarded as having a disability within the meaning of the ADA. Further, there were no allegations Ross failed to reasonably accommodate a disability, or that Calhoun was replaced by a sufficiently younger employee in violation of the ADEA. *Id.* Finally, the Court concluded that Calhoun had failed to state a plausible claim for retaliation. *Id.* The Court dismissed Calhoun's claims without

prejudice to him filing an amended complaint if he could provide more information about the factual bases for his claims. *Id.*

Calhoun filed an Amended Complaint, in which he asserts virtually identical allegations against Ross. By checking the appropriate locations on the form complaint, Calhoun indicates that he is reasserting employment discrimination claims pursuant to Title VII of the Civil Rights Act, the ADEA, and the ADA. (*See* AC (ECF No. 8) at 4.) Calhoun realleges that Ross terminated his employment, failed to stop harassment, failed to reasonably accommodate his disability, retaliated against him, and subjected him to unequal terms and conditions of his employment. (*Id.* at 5-6.) Calhoun alleges the discriminatory acts against him began in 2022 or 2023 but are no longer being committed against him. (*Id.* at 6.) Calhoun asserts that he has been discriminated against based on his race ("ArFro-American [sic]"), color ("black"), and gender/sex ("male"). (*Id.*) He also claims he has been subjected to discrimination because of his age and included his birthdate, which indicates that he is currently forty-two years old. (*Id.*)

The allegations in the Amended Complaint are again sparse. Calhoun asserts that while he was working, he was harassed by Stephon, a Hispanic employee, who allegedly hit Calhoun with a cart and called him "a token NiggA." (*Id.*) Calhoun also avers that he was smacked in the face by someone named Stephanie "in Front of customers," and he was "Drop kicked" by Lena at work. (*Id.*) He identifies three different co-workers who allegedly witnessed these incidents.

Calhoun filed a charge of discrimination with the Equal Employment Opportunity Commission in November 2023 and received a Notice of Right to Sue

Letter on January 18, 2024. (*Id.* at 7, 9.) He also filed a charge with the Pennsylvania Human Relations Commission in November 2023. (*Id.* at 7.) Calhoun seeks injunctive relief, lost wages, and monetary damages. (*Id.* at 8.)

II

Because Calhoun is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other

claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted). Because Calhoun is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See generally E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015); *see also* 42 U.S.C. § 2000e, *et seq.*; 29 U.S.C. § 621; 42 U.S.C. § 12112; *see also Fowler v. AT&T, Inc.*, 19 F.4th 292, 298 (3d Cir. 2021) (claims under the ADEA align with claims under Title VII). To state a claim under the federal laws prohibiting employment discrimination, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor in [his employer's] adverse employment action against [him]." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (internal quotations omitted); *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (explaining that to survive a motion to dismiss a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead facts that plausibly connect his national origin to his discharge").

To plead a hostile work environment claim, a plaintiff must allege: (1) he suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected

him; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present.  *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014).

Title VII protects against harassment based on discrimination against a protected class; it is not "a general civility code for the American workplace."  *See Mufti v. Aarsand & Co.*, 667 F. Supp. 2d 535, 544 (W.D. Pa. 2009) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80-81 (1998)).  "[T]he ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing" do not support a hostile work environment claim.  *Mufti*, 667 F. Supp. 2d at 545 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

To state a plausible claim for employment discrimination under the ADA, a plaintiff must allege that he is a "qualified individual with a disability" within the meaning of the ADA, and that he suffered an adverse employment decision because of the discrimination.  *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001).  To establish a *prima facie* case of discrimination under the ADA, "an employee must show that [he]: (1) is disabled; (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by [his] employer; and (3) has suffered an adverse employment action as a result of [his] disability, including [his] employer's refusal to make reasonable accommodation for [his] disability."

*Keyhani v. Trs. of Univ. of Pa.*, 812 F. App'x 88, 91 (3d Cir. 2020) (*per curiam*) (quoting *Hohider v. United Parcel Serv. Inc.*, 574 F.3d 169, 186 (3d Cir. 2009)).

To state a plausible age discrimination claim under the ADEA, a plaintiff must allege that "(1) [he] is at least forty years old; (2) [he] suffered an adverse employment decision; (3) [he] was qualified for the position in question; and (4) [he] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). Although a plaintiff need not allege a *prima facie* case to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *See* 42 U.S.C. § 2000e-3; *E.E.O.C.*, 778 F.3d at 449. A plaintiff states a retaliation claim if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) [he] engaged in conduct protected by [the statute]; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789; *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

Like the Complaint, the Amended Complaint fails to allege a plausible claim for employment discrimination in connection with his treatment at work or his termination. Although Calhoun indicates that he is bringing claims under Title VII, the ADEA, and the ADA, he has not explained how his treatment at work or his termination were based on his membership in one or more of the protected classes so as to violate the federal laws that prohibit discrimination in the workplace. In other words, although Calhoun has described uncivil conduct by coworkers, he does not link that treatment or any adverse action by his employer to his membership in a protected class or to unlawful retaliation by his employer. Further, Calhoun has not alleged any facts to suggest that he suffered from a disability or was regarded as having a disability within the meaning of the ADA.[2] Nor does he specifically allege that he asked his employer for a reasonable accommodation and the employer failed to provide it, or that he was replaced by a sufficiently younger employee. In other words, Calhoun has not alleged facts to raise a plausible inference that his treatment at work and/or his termination were motivated by his race, color, gender/sex, age, or disability (or perceived disability). In the absence of such allegations, he cannot state a claim for employment discrimination under Title VII, the ADEA, or the ADA. *See Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007))).

---

[2] The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

For similar reasons, Calhoun has again failed to state a plausible claim that he was retaliated against in violation of federal employment law. He alleges that he was terminated and that he contacted the EEOC and the PHRA. However, Calhoun has not provided any context for these conclusory allegations from which it could be inferred that his termination from Ross was motivated by retaliation. He does not allege the date upon which he was terminated or provide any additional facts from which a causal connection could be inferred between his filing of an EEOC or PHRA charge and his termination. In the absence of more detailed facts, his allegations do not state a retaliation claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

IV

For the foregoing reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Having previously given Calhoun an opportunity to allege additional facts in an attempt to allege plausible claims, further opportunities to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**